| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | EUGENE S. LITVINOFF |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 214318 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-5790 / (619) 235-2757 (Fax) |
|   | Email: Eugene.Litvinoff2@usdoj.gov |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2957-H |
|  | ) |  |
| Plaintiff, | ) | Date: November 26, 2007 |
|  | ) | Time: 2:00 p.m. |
| v. | ) |  |
|  | ) | GOVERNMENT'S MOTION FOR |
| ISMAEL RUBIO-OLMEDA, | ) | FINGERPRINT EXEMPLARS |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) | TOGETHER WITH STATEMENT OF |
|  | ) | FACTS AND MEMORANDUM OF POINTS |
|  | ) | AND AUTHORITIES |
|  | ) |  |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Eugene S. Litvinoff, Assistant U.S. Attorney, hereby files its motion for fingerprint exemplars.

//

//

//

//

# I

# INDICTMENT

On October 30, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging Ismael Rubio-Olmeda ("Defendant") with illegal reentry after deportation, in violation of Title 8, United States Code, Section 1326. On that same day, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

# STATEMENT OF FACTS

**A.   IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on October 6, 1995. Defendant was physically removed from the United States, by foot, through San Ysidro, California, on July 4, 2007.

**B.   RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
| --- | --- | --- | --- |
| 8/16/2002 | U.S. District Court - S.D. California | 18 U.S.C. § 1546 - Fraud and Misuse of Visas, Permits, and Other Documents (felony) | 15 months; 3 years supervised release |
| 7/8/1995 | U.S. District Court - S.D. California | 8 U.S.C. § 1325 (misd.) | 180 days |
| 9/14/1994 | U.S. District Court - S.D. California | 8 U.S.C. § 1325 (misd.) | 150 days |
| 1/26/1994 | U.S. District Court - S.D. California | 8 U.S.C. § 1325 (misd.) | 6 months |
| 7/26/1993 | CAMC - Manteca | VC 10851(a) - Take Vehicle without Consent / Vehicle Theft | 120 days jail; 5 years probation |
| 12/16/1992 | CASC - Imperial County | PC 496.1 - Receive Known Stolen Property | 2 years prison (suspended); 180 days jail; 3 years probation, fine |
| 7/10/1989 | U.S. District Court - S.D. California | 8 U.S.C. § 1325 (misd.) | 40 days |
| 4/15/1989 | U.S. District Court - S.D. California | 8 U.S.C. § 1325 (misd.) | 120 days |

1  **C.  INSTANT OFFENSES**

2      **1.  Apprehension**

3      On September 28, 2007, at approximately 5:10 a.m., United States Border Patrol Agent Johnny Gonzalez was performing assigned patrol duties when he responded to a sensor activation near an area known as "Goat Canyon". Goat Canyon is located approximately five miles west of the San Ysidro, California Port of Entry and 800 yards north of the international border between the United States and Mexico. At about 6:30 a.m., Agent Gonzalez searched the area and came across six individuals hiding in the brush.

9      **2.  Field Statement**

10      Defendant (along with the five other individuals) was questioned as to his citizenship and nationality; he stated that he is a citizen and national of Mexico. Defendant was also asked if he was in possession of any documents allowing him to enter or remain in the United States legally. Defendant did not have any such documents. Defendant was transferred to the Imperial Beach Border Patrol Station for further processing.

15      **3.  Advice of Rights**

16      Defendant was advised of his <u>Miranda</u> rights at approximately 10:03 a.m. on September 28, 2007. He agreed to make a statement.

18      Defendant stated that at approximately 5:15 a.m., he crossed into the United States over the boundary fence near San Ysidro, California with the five other individuals. He further stated that he was initially to be paid $600.00 per person to smuggle two of the other individuals in the group. However, one of the two subjects told him to smuggle all five to Hollister Street in San Ysidro, where a blue van would be waiting to pick up the group. Defendant admitted to successfully smuggling aliens into the United States for financial gain on several previous occasions.

24  **III**

25  **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

26      As part of its case, the United States must prove that Defendant was previously deported from the United States. To prove this element, the United States anticipates calling a certified

1 fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the
2 warrants of deportation and other deportation documents. A number of chain of custody witnesses
3 could be eliminated, and judicial resources conserved, by permitting the Government's expert to
4 take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence.
5 See Schmerber v. California, 384 U.S. 757 (1966). Further, using identifying physical
6 characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against
7 self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United
8 States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043
9 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make
10 himself available for fingerprinting by the Government's fingerprint expert.

## VI

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and fingerprint exemplars.

DATED: November 19, 2007

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

/s/ *Eugene S. Litvinoff*
_____
EUGENE S. LITVINOFF
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Eugene.Litvinoff2@usdoj.gov

Government's Response – U.S. v. Rubio-Olmeda

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07CR2957-H |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CERTIFICATE OF SERVICE |
| ISMAEL RUBIO-OLMEDA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

IT IS HEREBY CERTIFIED THAT:

I, EUGENE S. LITVINOFF, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I have caused service of the **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1.    Erick L. Guzman, Esq.**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2007.

/s/ *Eugene S. Litvinoff*
EUGENE S. LITVINOFF
Assistant U.S. Attorney

Government's Response – U.S. v. Rubio-Olmeda

07CR2957-H